IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHAD S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br><br> Case #4:22-cv-00008-PK <br><br> Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff Chad S.'s appeal from the decision of the Social Security Administration denying his application for supplemental security income. The Court will reverse and remand the administrative ruling.

I. STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether their findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[3] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

affirmed.[4] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II. BACKGROUND

### A. PROCEDURAL HISTORY

In January 2019, Plaintiff filed an application for supplemental security income, alleging disability beginning on September 1, 2019.[7] Plaintiff's claim was denied initially and upon reconsideration.[8] Plaintiff then requested a hearing before an ALJ, which was held on April 7, 2021.[9] The ALJ issued a decision on April 26, 2021, finding that Plaintiff was not disabled.[10] The Appeals Council denied Plaintiff's request for review on October 13, 2021,[11] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[12]

On February 8, 2022, Plaintiff filed his complaint in this case.[13] On March 7, 2022, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the

---

[4] *Richardson*, 402 U.S. at 390.
[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).
[7] R. at 62–63. The alleged onset date was later amended to January 9, 2019.
[8] *Id.* at 64, 82.
[9] *Id.* at 33–61.
[10] *Id.* at 13–32.
[11] *Id.* at 4–9.
[12] 20 C.F.R. § 416.1481.
[13] Docket No. 4.

Tenth Circuit.[14] The Commissioner filed an answer and the administrative record on April 18, 2022.[15]

Plaintiff filed his Opening Brief on July 1, 2022.[16] The Commissioner's Answer Brief was filed on August 1, 2022.[17] Plaintiff filed his Reply Brief on August 18, 2022.[18]

B.   MEDICAL HISTORY

Plaintiff alleged disability based on sciatica, degenerative disc disease, spinal stenosis, posttraumatic stress disorder ("PTSD"), depression, and anxiety.[19] Plaintiff noted that he was unable to stand, sit, or walk for extended periods of time, and was in constant pain.[20] He also indicated that he experiences anxiety attacks when in public.[21] At the hearing before the ALJ, Plaintiff testified that his spine, pain, and mental health issues prevented him from working.[22]

C.   THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 9, 2019, the amended alleged onset date.[23] At step two, the ALJ found that

---

[14] Docket No. 11.
[15] Docket Nos. 13–14.
[16] Docket No. 17.
[17] Docket No. 19.
[18] Docket No. 20.
[19] R. at 207.
[20] *Id.* at 214–15.
[21] *Id.* at 214.
[22] *Id.* at 40.
[23] *Id.* at 18.

Plaintiff suffered from the following severe impairments: disorder of the spine, depression, anxiety-related disorder, PTSD, and obesity.[24] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[25] The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with certain modifications including a limitation to "simple tasks typical of unskilled occupations."[26] At step four, the ALJ determined that Plaintiff had no past relevant work.[27] At step five, the ALJ found that there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform and, therefore, he was not disabled.[28]

### III. DISCUSSION

Plaintiff argues that the Commissioner erred at step five of the evaluation process and in evaluating Plaintiff's subjective symptoms. Because the Court concludes that remand is required, it will limit its discussion to the first issue.[29]

"On step five, after the claimant has established at step four that he or she cannot return to his or her past relevant work, the burden shifts to the [Commissioner] to show that the claimant retains the residual functional capacity (RFC) to do other work that exists in the

---

[24] *Id.*

[25] *Id.* at 18–20.

[26] *Id.* at 20–25.

[27] *Id*. at 25.

[28] *Id.* at 26–27.

[29] *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (stating that the court "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand").

4

national economy."[30] Vocational expert testimony that the plaintiff is capable of performing one or more occupations that exist in significant numbers is sufficient to meet the Commissioner's burden at step five.[31] However, when there was a conflict between the vocational expert's testimony and the description in the Dictionary of Occupational Titles ("DOT"), "the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."[32]

In response to a hypothetical from the ALJ, the vocational expert identified four positions such a person could perform: Cashier II, Document Preparer, Cutter and Paster, and Escort Vehicle Driver. In his decision, the ALJ found that Plaintiff could perform the work of Cashier II, Document Preparer, and Cutter and Paster, leaving out the Escort Vehicle Driver position. The positions of Cashier II and Document Preparer both have a reasoning level of three.[33] Yet, the ALJ limited Plaintiff's RFC to "simple tasks typical of unskilled occupations."[34] The Tenth Circuit has found that a limitation to simple, routine tasks is inconsistent with a reasoning level of three.[35] Such tasks are more in line with a reasoning level of two.[36] Because of this discrepancy, the ALJ was required to elicit a reasonable explanation from the vocational expert

---

[30] *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

[31] *See* 20 C.F.R. § 404.1566(e); *Ellison v. Sullivan*, 929 F.2d 534, 537 (10th Cir. 1990).

[32] *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999).

[33] *See* DOT No. 211.462-010, Cashier II, 1991 WL 671840; DOT No. 249.587-018, Document Preparer, microfilming, 1991 WL 672349.

[34] R. at 20.

[35] *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).

[36] *Id.*; *see also Stokes v. Astrue*, 274 F. App'x 675, 684 (10th Cir. 2008).

before he could rely on the vocational expert's testimony. Since the ALJ did not, the vocational expert's testimony as to these jobs does not provide substantial evidence to support the ALJ's decision.

The Commissioner argues that, to the extent there was an error, it was harmless because there are still jobs that exist in significant numbers even if the Cashier II and Document Preparer jobs are removed. The Court may hold an ALJ's error harmless "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way."[37] Where a significant number of jobs remain after the non-qualifying jobs are removed, any error by the ALJ is harmless.[38]

The Commissioner argues that even if these jobs are eliminated, a significant number of jobs remain based on the vocational expert's identification of two other jobs Plaintiff could perform. As noted, the vocational expert also identified Escort Vehicle Driver and Cutter and Paster in response to the hypothetical from the ALJ. The Commissioner's reliance on these positions is problematic for different reasons. While the Escort Vehicle Driver position was identified by the vocational expert, the ALJ did not cite that position in his decision as work Plaintiff could perform. The ALJ provides no explanation for this omission, but the vocational expert testified that the Escort Vehicle Driver position would be eliminated if a sit/stand option were included.[39] Though the ALJ did not include a sit/stand option in the RFC, this may provide

---

[37] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

[38] *Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009).

[39] R. at 56.

an explanation as to why the ALJ may have chosen not to include this position. Because the ALJ did not identify the Escort Vehicle Driver position as one Plaintiff could perform, the Court cannot consider it.[40]

This leaves the Cutter and Paster position. The Social Security Administration ("SSA") commissioned an "Occupational and Medical-Vocational Claims Review Study" in 2011. Relevant here, that study found that the Cutter and Paster position might be obsolete. Courts have relied upon this study to conclude that this position is obsolete and does not support a step-five determination.[41] As eloquently stated by Judge Posner in similar circumstances, "If the only jobs that the applicant is physically and mentally capable of doing no longer exist in the American economy (such as pin setter, phrenologist, leech collector, milkman, pony express rider, and daguerreotypist), the applicant is disabled from working, and likewise, as a realistic matter, if there is an insignificant number of such jobs."[42] The Commissioner raises various arguments as to why the Court should not consider the study, but the study merely highlights the problems with the vocational expert's testimony that call into question its reliability. If a position is obsolete, a reasonable mind would not accept the vocational expert's testimony that there were

---

[40] *See Hackett*, 475 F.3d at 1174–75 (finding that an entirely new rationale for affirmance on grounds different from those previously considered by the ALJ is not a true harmless error argument); s*ee also F. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-CV-00708-CL, 2021 WL 2139398, at *5 (D. Or. May 26, 2021) (stating that "this Court may not consider all the potential jobs identified by the VE at the hearing when those jobs were not discussed by the ALJ or the Appeals Council in the relevant findings and decisions").

[41] S*ee, e.g., E. v. Berryhill*, No. 6:18-CV-01261-YY, 2019 WL 2550318, at *4 (D. Or. June 20, 2019) (concluding that the ALJ erred at Step Five when he concluded the plaintiff could perform other work that exists in the national economy because the addresser and cutter-and-paster jobs identified by the ALJ are obsolete).

[42] *Hermann v. Colvin*, 772 F.3d 1110, 1113 (7th Cir. 2014).

11,790 of these positions in the national economy.[43] As such, the ALJ's decision is not supported by substantial evidence and must be remanded for further proceedings.

IV.  CONCLUSION

It is therefore

ORDERED that the ALJ's decision is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for the purposes of conducting additional proceedings as set forth herein.

DATED this 24th day of August, 2022.

BY THE COURT:

PAUL KOHLER
United States Magistrate Judge

---

[43] *See C. v. Saul*, 1:18-CV-00118-CMR, 2020 WL 1276579, at *3 (D. Utah Mar. 17, 2020) (remanding where the only remaining job identified by a vocational expert was obsolete); *see also Farias v. Colvin*, 519 F. App'x 439, 440 (9th Cir. 2013) (stating that "[a] reasonable mind would not accept that the VE's testimony that there are 3,600 head dance hall hostess positions in the local economy and 342,000 in the national economy").